IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | No. 2:02-cr-01305-DCN-1 |
| ) | |
| CHARLES NATHANIEL DAWSON, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on defendant Charles Nathaniel Dawson's ("Dawson") motion for relief under the First Step Act of 2018 (the "First Step Act"), ECF No. 76. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

On September 3, 2003, Dawson pleaded guilty to possession with intent to distribute five grams or more of cocaine base (commonly known as "crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On December 12, 2003, this court sentenced Dawson to 235 months of imprisonment, followed by a four-year term of supervised release. ECF No. 47. On January 21, 2019, Dawson filed a motion to reduce sentence pursuant to the First Step Act. ECF No. 66. The motion stated that Dawson had effectively served the maximum sentence based on his revised sentencing guidelines range, but the motion did not address the issue of supervised release. Id. On February 21, 2019, the court issued an amended judgment, ECF No. 73, and on February 26, 2019, the court issued a second amended judgment—now the operative judgment, ECF No. 74. Both amended judgments reduced Dawson's sentence to time served, with a five-year term of supervised release. ECF Nos. 73–74.

1

On February 11, 2021, Dawson filed a renewed motion for relief under the First Step Act. ECF No. 76. The United States of America (the "government") did not respond, and the time to do so has now expired. As such, the motion is now ripe for review.

## II.   DISCUSSION

Dawson argues that the "original [four-year] term of supervised release . . . appears to have been mistakenly increased to 5 years" when the court issued the amended judgment. ECF No. 76. It was not. Issuing a five-year term of supervised release was a deliberate decision, not a result of a scrivener's error. Although the court certainly agreed that the First Step Act modified Dawson's sentencing range such that he had already served his sentencing range of 151 to 188 months, the government, in opposing the motion, also drew the court's attention to series of violations committed by Dawson while he was incarcerated. See ECF No. 70 at 1. Based on those violations, the court found it prudent to extend the supervised release term to five years, just as it found it necessary to impose four special conditions. ECF No. 74 at 3.

Dawson then argues in his motion that the "appropriate term of supervised release is 3 years" pursuant to 21 U.S.C. § 841(b)(1)(C). However, that provision specifically provides that "any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of <u>at least</u> 3 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(C) (emphasis added). The court acknowledges that there has been some uncertainty about the applicability of the phrase "at least" when viewed alongside 18 U.S.C. § 3583's maximum terms of supervised release. As the Fourth Circuit recognized, the conflicting

2

statutes led to "a 'somewhat anomalous result.'" United States v. Perez, 22 F.4th 430, 433 (4th Cir. 2022) (quoting United States v. Pratt, 239 F.3d 640, 647 n.4 (4th Cir. 2001)). However, the Fourth Circuit recently clarified in Perez that the "notwithstanding" clause in § 3583 meant that "[i]n a conflict between the two provisions," § 841 prevails. Id. at 437 (analyzing § 841(b)(1)'s statutory history and prior Fourth Circuit precedent). As a result, the Fourth Circuit held that § 841(b)(1) must be read as authorizing a maximum term of supervised release of life, and it is up to district courts "imposing supervised release under § 841(b)(1) . . . to impose terms that are procedurally and substantively reasonable, and their discretion in doing so will remain informed by the Sentencing Guidelines." Id. at 438 (citation omitted).

The Fourth Circuit's ruling confirms that under § 841(b)(1)(C), three years of supervised release is the minimum, but the number is hardly etched in stone. As such, the court finds that the First Step Act is not the proper avenue for Dawson to seek a reduced term of supervised release. As the alternative, 18 U.S.C. § 3583(e)(1) authorizes district courts to terminate a defendant's term of supervised release at any time after expiration of one year of supervision if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." However, the court does not possess the information to make such a determination, and as such, the court stands by its amended judgment at this time.

### III.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motion.

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**DAVID C. NORTON**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

**February 17, 2022**
**Charleston, South Carolina**